IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| QUINTIN QUALLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    No. 02-2698 Ma/V |
| MARK LUTTRELL, in his official | ) |
| capacity as Sheriff of Shelby | ) |
| County, and JOSEPH PONTE, in his | ) |
| official capacity as Director of | ) |
| the Shelby County Jail, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

_____

**ORDER DISMISSING CASE**
_____

    Plaintiff Quentin Qualls brings this action under 42 U.S.C. § 1983, alleging that his Eighth and Fourteenth Amendment rights were violated by employees of the Shelby County Jail in Memphis, Tennessee. On January 28, 2004, this court dismissed Qualls' complaint without prejudice, finding that he had not fully exhausted his administrative remedies as to all claims and defendants as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). See Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005) (requiring dismissal without prejudice where PLRA plaintiff does not meet total exhaustion requirement). The court found that, although Qualls had "arguably satisfie[d] the

requirements of the PLRA with respect to his claims against [Defendants Mark] Luttrell and [Joseph] Ponte," he had not exhausted his grievances as to the other defendants. (Order Dismissing Case 10, d.e. 69, Jan. 28, 2004.)

Qualls appealed the court's dismissal, and in the course of his appeal, he dismissed all defendants except Luttrell and Ponte in their official capacities. On May 6, 2005, noting that all clearly unexhausted claims had been dismissed, the Sixth Circuit remanded the case to this court to determine whether the claims against Luttrell and Ponte were exhausted and, if so, to rule on the merits. ("Order on Petition for Rehearing, d.e. 78, May 6, 2005.) Since this case was remanded, however, the Sixth Circuit has held that an inmate whose complaint has been dismissed for failing to meet the requirements of the total exhaustion rule may not avoid dismissal by amending his complaint to dismiss defendants against whom he has not exhausted his administrative remedies. <u>Rinard v. Luoma</u>, 440 F.3d 361, 362 (6th Cir. 2006). Therefore, Qualls cannot avoid dismissal of his complaint under the total exhaustion rule by dismissing all defendants other than Luttrell and Ponte.

Qualls' complaint is DISMISSED without prejudice under 42 U.S.C. § 1997e(a).

So ordered this 23rd day of May 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE